UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HARRISON PIERRE-LOUIS, #16-A-3762,

                     Plaintiff,

           -against-

SUFFOLK COUNTY, P.O. TIMOTHY MCGUIRE,
JUDGE RICHARD AMBRO, ROBERT KELLY,
EILEEN A. POWERS, JUDGE JOHN J. TOOMEY,
JUDGE MARTIN I. EFMAN,

                  Defendants.
-----------------------------------------------------------------X

**ORDER**
17-CV-3762(JMA)(SIL)

**AZRACK, District Judge:**

On June 15, 2017, incarcerated *pro se* plaintiff Harrison Pierre-Louis ("plaintiff") filed a *in forma pauperis* complaint in this Court against Suffolk County, Suffolk County Police Officer Timothy McGuire ("P.O. McGuire"), Judge Richard Ambro, New York State Supreme Court, Suffolk County ("Judge Ambro"), Robery Kelly, Esq. ("Kelly"), Eileen A. Powers, Esq. ("Powers"), Judge John H. Toomey, New York State Supreme Court, Suffolk County ("Judge Toomey"), and Judge Martin I. Efman, New York State Supreme Court, Suffolk County ("Judge Efman" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights.  Plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA") at the time he filed the complaint.  Accordingly, by Notice of Deficiency dated June 28, 2017, plaintiff was instructed to complete and return the enclosed PLRA in order for his case to proceed.  On July 28, 2017, plaintiff filed the PLRA.  The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii-iii), 1915A(b) for the reasons that follow.

# I.    BACKGROUND[1]

Plaintiff's brief handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge his incarceration following his conviction in state court.   Although difficult to comprehend, in its entirety, plaintiff's statement of claim alleges:[2]

> After Suffolk County Timothy McGuire 7th Precent false arrested me I ask a phone call to contact my lawyer they deny me, Timothy McGuire.   I gave him a police statement.   Issues that Keith Hicks had a pocket knife and yellow box cutter on him when he attack me at my house he was under influence of drugs, peels and alcohol.   Timothy McGuire change my police statement mean while Keith Hicks on life parole they did not incarcerated him.   Also, I got deny at pre-trial Judge John J. Toomey deny me my R.O.R. after the witness did not show up to court 3 times and I put in a habeaus corpus on 12/5/16 to get R.O.R.   He deny me again. Also, I ask Judge Martin I Efman to change lawyer before trial.   He deny me. Richard Ambro Trial Judge mislead by him because my girlfried Krista Koopman and the 7th Precent cops Timothy McGuire took the stand at trial told him Keith Hicks attacked me first with yellow box cutter and its on my police statement and also prove and evidence Brook Havean Medical record nurse found a knife on Keith and drugs and alcohol in his system.   Judge Ambro still false convicted me, also all my accusers are felons, they are not credible special Keith Hicks convicted killer on life parole mislead represented lawyers both trial and pretrial Robert Kelly pretrial accusers witness did not show up to court he deny me my 180 R.O.R. and Timothy McGuire did not read me my Marandom Rights he force me to sign the papers work.   Trial lawyer Eileen A. Powers miss represented Brook Havean medical records prove and evidence Keith had knife weapon and drugs alcohol in he's system when he attack me at my house.   Eileen A. Powers deny me.   Suffolk County Grand Jury – I ask to go – they deny me.   Deny false indicted by ADA Melissa Grier double jerpody charge burglary vs. petit larceny.   Motion discory got deny by my lawyers and judges.   We need police statement.   Report court papers.   Suffolk County 7th Precinct Illegally wire tap my cell phone T-Mobile [...] prove and evidence of case no. 2200-15.

(Compl. ¶ II.)   In the space on the form complaint that calls for a description of any claimed

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

injuries, plaintiff alleges:   "I got a broken left sholder Keith Hicks hit me with a stool.   I ask Suffolk County 7th Precent cops to take me to the hospital they deny me and Suffolk County Jail Yaphank and Riverhead they deny me as well."   (*Id.* ¶ II.A.)    For relief, plaintiff seeks to get "my freedom back" as well as an unspecified sum of compensatory damages."   (*Id.* ¶ III.)

## II.    DISCUSSION

### A.    *In Forma Pauperis* **Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.    **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as

raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v.

4

Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1.    Claims Against Judges Ambro, Toomey and Efman

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity.   Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.   As such, it is no different from a suit against the State itself.") (citations omitted).   "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state sovereign immunity."   Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010).

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity.   See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").   It is well-established that a suit seeking money damages against a state court judge in his or her official capacity is barred by the Eleventh Amendment.   See McKnight v. Middleton, 699 F. Supp. 2d 507, 521-23 (E.D.N.Y. 2010) (dismissing claims asserted against state court judge

in her official capacity on sovereign immunity grounds); Sassower v. Mangano, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (suit against presiding and associate Justices of the Supreme Court of New York, Second Department barred by the Eleventh Amendment).   Thus, plaintiff's claims against Judges Ambro, Toomey, and Efman must be dismissed because a state official acting in his or her official capacity is protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).   Accordingly, because the Eleventh Amendment precludes any claim for monetary damages against Judges Ambro, Toomey, and Efman in their official capacity,[3] Caldwell v. Pesce, 83 F. Supp. 3d 472, 482 (E.D.N.Y 2015), plaintiff's claims against Judges Ambro, Toomey, and Efman are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b)(1-2).

### 3.    Claims Against Kelly and Powers

As noted above (*see supra* at 4), in order to state a Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state law."   Cornejo, 592 F.3d at 127 (citation omitted).   Here, Kelly and Powers are alleged to be plaintiff's pre-trial or trial counsel in the underlying state court criminal matter.   Although plaintiff does not allege whether these attorneys are privately retained or court-appointed, such distinction is of no moment because even court-appointed attorneys do not act under color of state law.   Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez, 116 F.3d at 66 (It is well established that a "public defender does not act under color of state law when performing a

---

[3] Although plaintiff does not specify whether he seeks to impose liability against these defendants in their official rather than individual capacity, his sparse allegations against these defendants relate solely to conduct alleged to have occurred in the course of his underlying state criminal prosecution.   Therefore, affording the complaint a liberal construction, plaintiff's allegations may be reasonably construed as official capacity claims.   Moreover, even if plaintiff sought to sue these defendants in their individual capacities, such claims would also be barred by absolute judicial immunity.   Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997)

lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, because these defendants are private actors, they do not act under color of state law and cannot be liable under Section 1983.

However, private actors, such as Kelly and Powers, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).

Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could liberally construe joint action by Kelly and/or Powers with a state actor or that either of these defendants conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim. Because Kelly and Powers are not state actors, there is no legal basis for a Section 1983 claim against them. See, e.g., Polk County, 454 U.S. at 325. Accordingly, plaintiff's Section 1983 claims against Kelly and Powers fail as a matter of law, and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b).

### 4. Section 1983 Claim Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under

Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).   Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.   See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.   Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996).   "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the County of Suffolk. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").   Accordingly, plaintiff has not alleged a plausible Section 1983 claim against it and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii),

1915A(b)(1).

### 5.    Section 1983 Claim Against P.O. McGuire

Insofar as plaintiff seeks to bring a false arrest claim against P.O. McGuire, plaintiff's conviction bars such claim.   It is well established that person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest.   See, e.g., Johnson v. Pugh, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (citing Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986)); see also McFadden v. New York, No. 10-CV-141, 2011 WL 6813194, at *4 (E.D.N.Y. Dec. 28, 2011) (collecting cases) ("Courts in the Second Circuit routinely dismiss [false arrest] claims where the plaintiff's conviction has not been overturned or otherwise invalidated.").   Because plaintiff alleges that he was ultimately convicted of the charge(s) stemming from the challenged arrest, the P.O. McGuire had probable cause to arrest him.   Therefore, plaintiff false arrest claim is not plausible and it is thus dismissed.

### 6.    Claims Challenging Plaintiff's State Court Conviction

Finally, to the extent that plaintiff is attempting to challenge the his state court conviction and seeks his "freedom back", such relief is unavailable in a Section 1983 action.   Rather, plaintiff's exclusive avenue to challenge the fact or duration of his incarceration is by a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Plaintiff is cautioned that such a petition has certain timeliness and exhaustion requirements and the Court makes no findings in this regard.

## D.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).   Indeed, a *pro se* plaintiff

who brings a civil rights action, "should be 'fairly freely" afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied.

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claims are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York


                                                  _____/s/(JMA)_____
                                                  Joan M. Azrack
                                                  United States District Judge